IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-107-KDB-DCK

| | |
|---|---|
| BRENDA BRYANT,<br><br>        Plaintiff,<br><br>  v.<br><br>JEFF STEINER, FIVE GUYS LIFES FOOD LLC, TOWN OF MOORESVILLE POLICE DEPARTMENT, and YASR ASSISOU,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Memorandum In Support Of Plaintiffs' Motion To Remand" (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Brenda Bryant ("Plaintiff" or "Bryant"), appearing without counsel, initiated this action with the filing of a complaint captioned as "Complaint Malicious Prosecution False Arrest Outrage Violations Of Civil Rights Under Title VII Of The Civil Rights Act" (Document No. 1-1, pp. 4-8) (the "Complaint") in the Superior Court of Iredell County, North Carolina, on May 27, 2025. The Complaint states that *pro se* Plaintiff "brings this action against Five Guys Mooresville, Jeff Steiner, Life Foods, Mooresville Police Dept., Officer Yasr Assoui for relief to vindicate her Constitutional and civil rights to engage in her religious expression that is compelled by her [C]hristian beliefs, to Pray." (Document No. 1-1, p. 4).

Defendant Town of Mooresville ("Defendant") filed a "Notice Of Removal To Federal Court" (Document No. 1) on July 11, 2025.

Defendant's "Notice of Removal…" states in part:

> 4. In the Complaint, Plaintiff has alleged various causes of action against Defendants, including a claim of religious discrimination pursuant to Title VII of the Civil Rights Act of 1964, and seemingly for a claim for a violation of Plaintiff's First Amendment rights under the United States Constitution.
>
> 5. Because this is a civil suit for damages arising under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-(i), and the Due Process Clause of the United States Constitution, this case involves a federal question, and federal jurisdiction is therefore founded upon 28 U.S.C. § 1331 and is removable to federal court pursuant to 28 U.S.C. § 1441. Further this Court has supplemental jurisdiction over any alleged state law claim pursuant to 28 U.S.C. § 1367.

(Document No. 1, p. 2).

"Defendants Jeff Steiner And Five Guys Lifes Food LLC's Consent To Removal…" (Document No. 2) was filed on July 16, 2025.

On August 6, 2025, Plaintiff filed a "Memorandum In Support Of Plaintiffs' Motion To Remand" (Document No. 10) which the Court has construed as a "Motion To Remand." The motion's introduction contends that "Defendants' notice of removal is an egregious and transparent attempt to delay and derail state court proceedings in this First Amendment, ADA, Civil Rights Lawsuit . . . [t]here is no plausible, good-faith basis for federal subject matter jurisdiction here, and the attempted removal is procedurally defective on its face." (Document No. 10, p. 2).

Defendant's "Response To Plaintiff's Motion To Remand" (Document No. 16) was filed on August 20, 2025. Plaintiff has failed to file a reply brief, or notice of intent not to reply, and the time do so lapsed on August 27, 2025. <u>See</u> LCvR 7.1(e).

The pending motion is ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II. STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded." <u>UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp.</u>, 3:09-CV-184-RJC-DSC, 665 F.Supp.2d 528, 532 (W.D.N.C. 2009) (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 96, (1998); <u>Jones v. American Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999); and <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999)). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. <u>Id.</u> "If federal jurisdiction is doubtful, a remand is necessary." <u>Mulcahey v. Columbia Organic Chemicals Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

In cases where a federal district court has original jurisdiction over at least one claim, the court shall also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Two or more claims (state and federal) form part of the same case or controversy for supplemental jurisdiction purposes

where they "derive from a common nucleus of operative fact" and "would ordinarily be expected to [be tried] in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1996). District courts retain "discretion as to whether to remand a case to state court," a decision which "involves consideration of 'principles of economy, fairness, convenience and comity.'" Hartman v. Univ. of Maryland at Baltimore, 595 F.App'x 179, 180 (4th Cir. 2014) (quoting Carnegie-Mellon v. Cohill, 484 U.S. 343, 357 (1988)).

### III. DISCUSSION

In seeking remand, *pro se* Plaintiff contends that "there is no conceivable basis for removing this case to the U.S. Dis[t]rict [Court]." (Document No. 10, p. 3). Plaintiff seems to conclude that because the Complaint includes state law claims, it must remain in state court. (Document No. 10, p. 4).

In response, Defendant first argues that removal was procedurally proper. (Document No. 16, p. 2). Defendant notes that it filed its "Notice of Removal…" "within 30 days after receipt of the service of the service of the civil action" pursuant to 28 U.S.C. §1446(b)(1). Id.

Next, Defendant argues that:

> [t]his Court has original jurisdiction over the claims involving a federal question, including Plaintiff's purported ADA claim, Title VII claim, and civil rights claims, under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3-4). Both Plaintiff's Complaint and Motion to Remand indicate an intent to pursue claims under the ADA, Title VII, and the U.S. Constitution. (D.E. 1-1, D.E. 10). Moreover, the Court has supplemental jurisdiction over Plaintiff's state law claims because those claims "are so related" to the federal claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

(Document No. 16, p. 3).

Defendant further argues that the Court's supplemental jurisdiction over the related state law claims is discretionary and that the relevant factors of "convenience and fairness to the parties,

the existence of any underlying issues of federal policy, comity, and considerations of judicial economy" "weigh in favor of this Court retaining supplemental jurisdiction." (Document No. 16, p. 3) (citing <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110-112 (4th Cir. 1995) and <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966)).

The undersigned finds Defendants' arguments most persuasive. As recognized by Defendants, 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, 28 U.S.C. § 1343 provides in part that

> (a) The districts courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> . . .
>
> **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> **(4)** To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a).

This case does not present a close call. As noted by Defendant, both Plaintiff's Complaint and Motion To Remand state Plaintiff's intention to pursue claims pursuant to: Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; and the U.S. Constitution. <u>See</u> (Document Nos. 1-1 and 10). This Court has jurisdiction based on the federal questions presented by Plaintiff and may appropriately exercise supplemental jurisdiction over Plaintiff's state law claims. <u>See</u> <u>DeCoe v. CommScope, Inc. of N. Carolina</u>, No. 5:24-CV-025-KDB-DCK, 2024 WL

5

Case 5:25-cv-00107-KDB-DCK     Document 20     Filed 09/17/25     Page 5 of 7

3659312, at *4 (W.D.N.C. Aug. 5, 2024) (quoting Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28 (1983) ("Federal-question jurisdiction arises only from 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'")). In addition, the undersigned is satisfied that Defendant properly removed this matter to this Court pursuant to 28 U.S.C. § 1441.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Memorandum In Support Of Plaintiffs' Motion To Remand" (Document No. 10) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: September 15, 2025

David C. Keesler
United States Magistrate Judge

7

Case 5:25-cv-00107-KDB-DCK Document 20 Filed 09/17/25 Page 7 of 7