IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00107-KDB-DCK

| | |
|---|---|
| BRENDA BRYANT,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF STEINER;<br>TOWN OF MOORESVILLE<br>POLICE DEPARTMENT;<br>FIVE GUYS LIFES FOOD, LLC;<br>AND YASR ASSISOU,<br><br>    Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Mooresville Police Department's Motion to Dismiss (Doc. No. 5), to which Plaintiff has not responded, Plaintiff's Motion/Memorandum to Remand to State Court (Doc. No. 10), and the Memorandum and Recommendation ("M&R") of the Honorable Magistrate David C. Keesler (Doc. No. 20), recommending that Plaintiff's Motion be denied. The parties have not filed an objection to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

The Court has carefully considered the motions, the parties' briefs and exhibits, and the M&R, and for the reasons discussed below, the Court will **GRANT** Defendant Mooresville Police Department's Motion to Dismiss, and **ADOPT** the M&R and **DENY** Plaintiff's Motion to Remand.

**I.    BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas*

1

*v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under *a de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

Briefly, Plaintiff alleges numerous constitutional and civil rights violations against Defendants, stemming from an altercation at a Five Guys restaurant. Doc. No. 1-1 at 4. After being asked to leave for unknown reasons by Five Guys staff, police arrived and arrested Plaintiff for "trespassing and resisting," which Plaintiff contends amounted to a false arrest. *Id.* at 5. She alleges Defendants violated her right to due process under North Carolina and the U.S. Constitution, maliciously prosecuted her, falsely arrested her, and she alleges Title VII religious discrimination and failure to accommodate under 42 U.S.C. §§ 2000e-2(a), (m); 2000e-(i); 2000e-5(g).[1]

## II. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Also, the Court does not perform a de novo review where

---

[1] Plaintiff alleges that she was a patron of Five Guys. She does not allege it to be her employer. Doc. No. 1-1 at 5.

a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**Failure to State a Claim under 12(b)(6)**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic

3

recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, Plaintiff is appearing *pro se.* A *pro se* complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where ... there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement does not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

**Plaintiff's Motion to Remand**

Having carefully reviewed the Magistrate Judge's M&R, the Parties' briefs, and applicable legal authority, this Court is satisfied that there is no clear error as to the M&R, to which no objection was made. *Diamond,* 416 F.3d at 315. Accordingly, this Court will adopt the findings and recommendations set forth in the M&R as its own solely for the purpose of deciding the motions before it and will deny Plaintiff's Motion to Remand.

**Defendant Mooresville Police Department's Motion to Dismiss**

Next, Defendant Mooresville Police Department ("MPD") moves to dismiss under 12(b)(6), in addition to 12(b)(1) and 12(b)(2), stating that it is not capable of being sued. Doc. No.

5 at 1. Because Plaintiff is *pro se*, the Court issued a Roseboro Notice, directing her to respond to the Motion by August 5, 2025. *See* Doc. No. 6. To date, Plaintiff has not responded or moved for an extension of time to respond (although she has moved twice to extend Defendants Five Guys and Jeff Steiner's Motion to Dismiss). Accordingly, this matter is ripe for disposition.

MPD argues that the Complaint fails to state a claim against MPD because it is not a cognizable legal entity subject to suit. The Court agrees. Plaintiff cannot sue the MPD as a separate entity. *See Hampton-Bey v. Hayes*, No. 523CV00028KDBSCR, 2023 WL 7311206, at *2 (W.D.N.C. Nov. 6, 2023) (citing *Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988)) (holding that a police department may not be sued because "there is no statute authorizing suit against a police department").

More specifically, to successfully allege a violation of 42 U.S.C. § 1983 (as Plaintiff seemingly attempts by alleging violations of her constitutional rights, including malicious prosecution, false arrest and lack of due process, despite not referencing the statute), Plaintiff must show that a "person" acting under the color of state law violated her constitutional rights. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); *see also Smith v. Munday*, 848 F.3d 248, 256–57 (4th Cir. 2017); *Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't*, No. 319CV00425FDWDCK, 2020 WL 5822216, at *4–5 (W.D.N.C. Sept. 30, 2020).

In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City,* 240 N.C. 1 (1954). Therefore, departments of municipalities are not susceptible to suit without statutory authorization. *See Martin v. Mecklenburg Cnty. Park & Recreation Dep't*, No. 3:06 CV 290, 2006 WL 3780418,

at *2 (W.D.N.C. Dec. 20, 2006) (departments of cities cannot be sued alone). So, "under North Carolina law, police departments cannot be sued as entities." *Smith*, 848 F.3d at 256–57 (4th Cir. 2017) (citing *Ostwalt v. Charlotte–Mecklenburg Bd. of Educ.*, 614 F. Supp. 2d 603, 607 (W.D.N.C. 2008)); *see also Moore v. City of Asheville*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); *Wilson v. Fayetteville Police Dep't,* No. 5:13-CV-178-BO, 2014 WL 555663 (E.D.N.C. Feb. 11, 2014) ("dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued."). In sum, Plaintiff's claims against the MPD must be dismissed because it lacks the legal capacity to be sued.

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 20) is **ADOPTED**;

2. Plaintiff's Motion/Memorandum to Remand to State Court (Doc. No. 10) is **DENIED**;

3. Defendant Mooresville Police Department's Motion to Dismiss (Doc. No. 5) is **GRANTED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 15, 2025

Kenneth D. Bell
United States District Judge