UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:25-CV-00107-MEO-DCK

BRENDA BRYANT,

      Plaintiff,

      v.

JEFF STEINER, TOWN OF
MOORESVILLE POLICE
DEPARTMENT, FIVE GUYS LIFES
FOOD LLC, AND YASR ASSISOU,

      Defendants.

MEMORANDUM & ORDER

**THIS MATTER** is before the Court on Defendants Five Guys Lifes Food LLC and Jeff Steiner's Motion to Dismiss and Officer Yasr Assisou's Motion to Dismiss. (Doc. Nos. 13, 26). For the reasons stated below, the Court will grant the motions.

## I.    BACKGROUND

Plaintiff Brenda Bryant, proceeding *pro se*, filed this action in Iredell County Superior Court on May 27, 2025, against Defendants Jeff Steiner,[1] Five Guys Lifes Food LLC, and Officer Assisou. (Doc. No. 1-1 at 1).[2] Plaintiff brings various claims

---

[1] Jeff Steiner is a member of Life's Food, LLC, which operates the Five Guys at issue in the Complaint. (Doc. No. 14 at 2).

[2] Plaintiff also brought this action against the Town of Mooresville Police Department ("MPD"). (Doc. No. 1-1). MPD filed the notice of removal to this Court and subsequently moved to dismiss Plaintiff's complaint. (Doc. Nos. 1, 5). The Court granted MPD's motion on October 15, 2025, and dismissed Plaintiff's claims against MPD. (Doc. No. 24).

"for relief to vindicate her Constitutional and civil rights to engage in her religious expression that is compelled by her [C]hristian beliefs, to Pray." *Id.* at 4.

Plaintiff alleges that Five Guys "Discriminated Against the Plaintiff for Praying and exercising her religious activities," violating her constitutional and civil rights under Title VII of the Civil Rights Act, filing a false police report, and "maliciously prosecut[ing] the Plaintiff by calling the Mooresville Police and having the plaintiff arrested." *Id.* She further alleges that Officer Assisou arrested her "[w]ithout having any Reasonable[, ]Articulate Suspicion a crime had been committed nor investigating," and that the arrest of the "68 year old Grandmother" denied her rights under the Due Process Clause of the United States Constitution and section 23 of the North Carolina Constitution. *Id.* Plaintiff alleges that the right to pray is protected by the First Amendment's protections for freedom of speech and religion, and that violation of that right constitutes discrimination actionable under the Civil Rights Act of 1964. *Id.*

In her statement of facts, Plaintiff alleges that she was "a Frequent Patron of Five Guys Mooresville," and that on May 23 she went in to eat and "was informed she would no longer be served as she had been talking with guest," after which "the young shift leader then handed the Plaintiff a cup for water and the plaintiff left." *Id.* at 5. Plaintiff alleges that she "went by the next night to speak with the General Manager, who was not there," and that after being given a cup of water, she "went to her car." *Id.*

2

Plaintiff alleges that "the Mooresville Police showed up and Officer Assisou demanded the Plaintiff get out of her car, if not he would beat the window out, and then proceeded to pull the 68 year old plaintiff with serious health conditions protected under ADA out of her [car] where she fell and went in shock . . . ." *Id.* She alleges she "was taken to Lake Norman Hospital and then to Jail charged with trespassing and resisting delaying and obstruction without Trespass warning, Notice of Trespass and without Probable Cause." *Id.*

Plaintiff alleges that "the defendants Five Guys, Jeff Steiner unknown employee filed a false police report, with malice, causing the plaintiff to be falsely arrested, her car illegally searched, seized, and damaged," and that "the Plaintiff[']s Crime [was] Praying, as the Regional Director for Five Guys testified in the criminal case." *Id.* Plaintiff alleges she "had to appear in several court hearings before the charges were dismissed" and that she incurred medical expenses and vehicle repair costs from a search and impoundment she alleges occurred "without a warrant or Probable Cause." *Id.*

For her first cause of action, styled Malicious Prosecution, Plaintiff alleges "[t]here was no Articulate, Reasonable Suspicion a crime had been committed." *Id.* at 6. For her second cause of action, styled False Arrest, Plaintiff alleges an identical claim: "[t]here was no Articulate, Reasonable Suspicion a Crime had been committed." *Id.* Plaintiff alleges that "[a]s a result of the defendants Outrageous acts and egregious omissions," she is entitled to "actual damages and punitive damages in the amount of One Million Dollars." *Id.* She seeks actual damages, expenses, and

3

an injunction against the Mooresville Police Department "due to the continued Retaliation and pattern of Harassment." *Id.*

On the next page of her Complaint, Plaintiff claims entitlement to damages "for Violation of Civil Rights[] and Discrimination under 42 U.S.C. § 2000e-5(g)," alleging that her "protected religious expression was a motivating factor behind Five Guys['] decision to take adverse action against her" in violation of 42 U.S.C. § 2000e-2(m). *Id.* at 7. Plaintiff further alleges a "Failure to Accommodate" claim under Title VII, contending that "Five Guys failed to accommodate Brenda Bryant" in the exercise of "sincerely held religious beliefs," in violation of 42 U.S.C. §§ 2000e-2(a) and 2000e-(i). *Id.*

The Complaint does not state the year in which the alleged events took place, referring only to "May 23" and "May 24." *Id.* at 5.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30

4

(2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, this Court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III. DISCUSSION

### A. State Law and Implied Section 1983 Claims[3]

#### 1. *False Arrest and Malicious Prosecution*

Under North Carolina law, probable cause is a complete defense to claims for false arrest and malicious prosecution. *Adams v. City of Raleigh*, 782 S.E.2d 108, 112–13 (N.C. App. 2016). A plaintiff claiming false arrest or malicious prosecution must allege facts that, taken as true, show that probable cause did not support the arrest. *See, e.g., Millsaps v. Liles*, No. 5:22-CV-00095-KDB-DCK, 2025 WL 2405626, at *6 (W.D.N.C. Aug. 11, 2025), *aff'd*, No. 25-2093, 2026 WL 752844 (4th Cir. Mar. 17, 2026) ("In order to bring a claim for unlawful arrest, under either federal or state law, a plaintiff must allege that the arrest was made without probable cause.").

The Court addresses Defendants' motions in the light most favorable to Plaintiff with reasonable inferences drawn in her favor. Through this lens, Plaintiff alleges that Five Guys personnel contacted the Mooresville Police Department and made a false report warranting a law enforcement response, that officers responded to the scene, and that she was thereafter charged with trespassing, resisting, and obstruction. (Doc. No. 1-1 at 4–5).

Plaintiff's allegations, taken as true, are conclusory in nature and fail to provide sufficient facts to support a conclusion that there was no probable cause for

---

[3] Plaintiff's claims all appear to be subject to a three-year statute of limitations. Officer Assisou believes the event at issue occurred in May 2022. (Doc. No. 27 at 2). The police incident report for the event confirms it occurred on May 24, 2022. *See* (Doc. No. 1-1 at 21–22). Plaintiff filed the Complaint on May 27, 2025—more than three years later. However, the parties did not brief the statute-of-limitations issue, so the Court does not address it further in this Order.

her arrest. (Doc. No. 1-1 at 5–6). A plaintiff's own conclusory characterization that no probable cause existed does not override the factual allegations of her own pleading. *See Iqbal*, 556 U.S. at 678 (legal conclusions couched as factual allegations are not entitled to a presumption of truth). That the charges were later dismissed does not speak to whether the officer had reasonable suspicion or probable cause, or whether there was the required malice involved to sustain either claim.

Further, Plaintiff's threadbare allegations fail to establish the necessary elements of malicious prosecution. *See id.; see also Caraway v. City of Pineville*, 639 F. Supp. 3d 560, 587 (W.D.N.C. 2022), *aff'd*, 111 F.4th 369 (4th Cir. 2024) (quoting *Best v. Duke Univ.*, 448 S.E.2d 506, 510 (N.C. 1994)).

To the extent Plaintiff raises state common-law claims against Officer Assisou individually, he is entitled to public official immunity absent well-pled facts of malice or corruption, which the Complaint's conclusory allegations do not supply. *Mitchell v. Pruden*, 796 S.E.2d 77, 83 (N.C. App. 2017). Accordingly, Plaintiff's state-law claims must be dismissed.

### 2. Implied § 1983 / Constitutional Claims

To the extent the Complaint is construed to raise claims under 42 U.S.C. § 1983 against the private Defendants (Steiner and Five Guys Lifes Food LLC), such claims fail because private parties are not subject to constitutional constraints absent state action. *DeBauche v. Trani*, 191 F.3d 499, 506–07 (4th Cir. 1999). "To implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" *Id.* at 506 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff's conclusory allegation that Five Guys personnel filed a "false police report" does not, without

7

more, plausibly allege the kind of coordinated or willful joint action with police necessary to convert a private business into a state actor. *See id.* at 507. Mere invocation of police assistance by a private citizen or business does not create state action. *See id.*

As to Officer Assisou, any constitutional claims brought against him in his official capacity are duplicative of claims already resolved against the Town of Mooresville Police Department and are dismissed on that basis. *See Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985). To the extent Plaintiff asserts these claims against Officer Assisou individually, the Complaint fails to allege facts showing violation of a clearly established constitutional right, as required to overcome qualified immunity. *Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 169 (4th Cir. 2010). The Complaint does not identify any protected speech or religious activity Officer Assisou allegedly suppressed, nor does it allege facts connecting any such activity causally to his conduct. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020).

Accordingly, any implied § 1983 or constitutional claims must be dismissed for failure to state a claim.[4]

---

[4] Plaintiff also makes conclusory allegations of violations of the Due Process Clause of the United States Constitution and section 23 of the North Carolina Constitution. To the extent these allegations are construed as claims, they fail for the same reasons as the other constitutional claims under § 1983 and Rule 12(b)(6) for failure to state a plausible claim for relief.

8

### B. Title VII, ADA, and Implied Title II Claims

Plaintiff's Complaint further purports to raise claims under Title VII and the ADA. Neither statute reaches the conduct alleged. Title VII prohibits unlawful employment practices by covered employers against employees; it does not create a cause of action for a restaurant patron alleging discriminatory refusal of service. 42 U.S.C. § 2000e-2(a); *see Lemon v. Myers Bigel, P.A.*, 985 F.3d 392, 396 (4th Cir. 2021). Plaintiff does not allege that she was an employee of any Defendant. Accordingly, her Title VII claim fails.

Plaintiff's ADA claim fails for similar reasons: the Complaint contains no factual allegations establishing a qualifying claim cognizable under the ADA as against these Defendants, offering only a conclusory statutory reference. Such threadbare recitals do not satisfy the basic federal pleading requirements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57.

Plaintiff's Complaint might also be liberally construed to allege a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, for refusal of service in a place of public accommodation. Title II prohibits discrimination "on the ground of race, color, religion, or national origin" in places of public accommodation, 42 U.S.C. § 2000a(a), and a restaurant "principally engaged in selling food for consumption on the premises" is expressly a covered establishment under 42 U.S.C. § 2000a(b)(2). However, Title II remedies are limited to injunctive relief and attorney's fees. *Id.* § 2000a-3(a)–(b). Compensatory and punitive damages are not recoverable. *Id.* As a result, Plaintiff's request for actual and punitive damages are unavailable under this statute.

9

Left with prospective injunctive relief as a remedy, Plaintiff's Complaint would need to allege that she intends to return to the restaurant and faces a likely repeat of the alleged discriminatory treatment. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Without these allegations, Plaintiff lacks Article III standing for a Title II discrimination claim.

Accordingly, Plaintiff's Title VII and ADA claims, and any implied claim under Title II, will be dismissed.

## IV. CONCLUSION

The Court notes in closing that Plaintiff's desire to share her faith and pray in public reflects rights our Constitution holds dear, and the Court does not discount the frustration and distress she has described. Even so, the Court's role is confined to whether the Complaint, as written, states claims the law recognizes. And under that standard, it does not. The claims must therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motions to Dismiss (Doc. Nos. 13, 26) are **GRANTED**, and this action is **DISMISSED**.

**SO ORDERED.**

Matthew E. Orso
United States District Judge